■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD JURGEN TOMIUK, Appellant.— Order unanimously reversed and matter remitted to Allegany County Court for further proceedings in accordance with the following Memorandum: Defendant was arraigned and pleaded guilty to the crime of forgery in the second degree without aid of counsel. About one hour before defendant was to be sentenced the court assigned counsel who appeared with him when he was sentenced to Elmira Reformatory. At a hearing in this

*coram nobis* proceeding to set aside the conviction defendant testified that, before sentence was pronounced, his assigned counsel informed him that the Judge and the District Attorney had decided to send him to Elmira Reformatory; that he then asked if he could change his plea from guilty to not guilty and counsel stated it was too late to change his plea. This conversation was corroborated by the testimony of defendant's wife and mother-in-law, who were present at the time it took place. Defendant's assigned counsel called as a witness by the People, did not deny having advised defendant at the time and place stated that he would be sent to Elmira; he did testify that he could not recall whether defendant asked him about changing his plea prior to sentence. This proof amply supports a finding that no application was made before sentence for permission to withdraw defendant's guilty plea because counsel had erroneously informed him that it was too late to do so. (Code Crim. Pro., § 337.) We conclude that it was the duty of counsel to inform the court of defendant's request and that he should have moved to withdraw defendant's plea before sentence. In these circumstances, the sentence should be vacated, solely for the purpose of giving defendant an opportunity to move for permission to withdraw his plea and for the court to hear and determine whether or not such a motion should be granted. (Appeal from order of Allegany County Court denying, following a hearing, motion to vacate judgment of conviction for forgery, second degree, rendered April 1, 1966.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Marsh, JJ.